725 F.2d 460
 115 L.R.R.M. (BNA) 2552, 99 Lab.Cas. P 10,738,
5 Employee Benefits Ca 1061
 CONTRACTORS, LABORERS & TEAMSTERS HEALTH AND WELFARE PLAN;
Contractors, Laborers & Teamsters Pension Plan;
Omaha-Council Bluffs Laborers Local No. 1140 Holiday Trust;
Laborers Training Fund and Construction and General Laborers
Union, Local No. 1140, Appellees,
v.
D.A. CONSTRUCTION COMPANY, INC., Appellant.
 No. 82-2405.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 9, 1984.
Decided Jan. 24, 1984.
Rehearing Denied Feb. 28, 1984.
 
 Dennis E. Martin, Gregg H. Coffman, Dwyer, O'Leary & Martin, P.C., Omaha, Neb., for appellant.
 David D. Weinberg, Weinberg & Weinberg, P.C., Malcolm Young and Duncan Young, Young & White, Omaha, Neb., for appellees.
 Before HEANEY and BRIGHT, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 D.A. Construction Company (D.A.) appeals the district court's[1] determination that a union may bring an action to enforce Section 8(f) of the National Labor Relations Act, 29 U.S.C. Sec. 158(f), against an employer who has signed a pre-hire agreement with the union, absent a showing of majority support for the union. Section 8(f) authorizes pre-hire agreements between labor unions that have not achieved majority status and employers in the building and construction industry. We reserved a decision in this case pending the Supreme Court's resolution of a case raising substantially the same issue. Because the Supreme Court has now decided Jim McNeff, Inc. v. Todd, --- U.S. ----, 103 S.Ct. 1753, 75 L.Ed.2d 830 (1983), we affirm this case on the basis of Supreme Court precedent and the well-reasoned opinion of the district court. See 8th Cir.R. 14.
 
 
 2
 On May 27, 1975, the owner of D.A. and a representative of Local 1140 executed a pre-hire agreement which, among other things, obligated the employer to contribute to fringe benefit trusts for all construction laborers from the date of the agreement. With respect to certain job sites, D.A. fully complied with the terms and provisions of the pre-hire agreement and made the required trust contributions. D.A. made no trust contributions, however, for its nonunion employees who performed construction labor during the relevant time period. On July 27, 1979, D.A. sent letters to the parties manifesting an intent to repudiate the agreement. Local 1140 never obtained majority status among D.A.'s employees.
 
 
 3
 The union and various union trusts brought this action seeking specific performance of the pre-hire agreement. The district court held the agreement is enforceable against D.A. with respect to both union employees and nonunion employees who performed labor covered by the applicable collective bargaining agreements between May 27, 1975, and July 27, 1979. The district court further found that the appellants are entitled to recover the sum of $9,816 in unpaid and delinquent trust contributions, plus interest.
 
 
 4
 In Jim McNeff, Inc., the Supreme Court recognized that minority union enforcement of monetary obligations incurred by an employer under an unrepudiated section 8(f) pre-hire contract neither impairs the right of employees to select their own bargaining representative, nor diminishes the voluntary and voidable characteristics of such an agreement. Jim McNeff, Inc. v. Todd, supra, 103 S.Ct. at 1759. Rather, allowing a minority union to enforce overdue obligations accrued under such agreements vindicates congressional intent to meet problems unique to the construction industry. Id. Congress recognized that due to the uniquely temporary, transitory and sometimes seasonal nature of much of the employment in the construction industry, unions often would not be able to establish majority support with respect to many bargaining units. Id. at 1756. Congress was also aware of the construction industry employer's need to know labor costs in advance of making a bid and the need for an available supply of skilled workers. Id. at 1757. Since Jim McNeff, Inc., clearly controls the disposition of this case, the district court correctly ordered D.A. to fulfill obligations incurred under the pre-hire agreement prior to repudiation.
 
 
 5
 In supplemental briefs submitted to this Court, D.A. argues that the union failed to produce evidence of a collective bargaining agreement applicable to the geographic area at issue in this action. We need not address this issue because it was not raised below. In any event, we find the argument without merit.
 
 
 6
 D.A. further contends that the district court erred in naming John Abboud as one of the parties for whom D.A. owed contributions. We agree with D.A. that John Abboud was not included in the joint stipulation of facts as an employee who performed construction labor. It appears from the record, however, that the district court mistakenly referred to John Abboud instead of Tom Abboud and Mark Abboud in designating the laborers covered by the agreement. This mistake did not affect the district court's determination of the amount owed, which was based primarily upon evidence of the number of hours worked by construction laborers. We therefore find the district court correctly determined the amount D.A. owes under the agreement.
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Albert G. Schatz, United States District Court judge for the District of Nebraska